[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have presented a narrow question for determination. The facts are not disputed: the plaintiff obtained a prejudgment remedy in the amount of $20,000 on April 2, 1992. On December 19, 1994, judgment entered for the plaintiff after trial in the amount of $37,630.44. There is no dispute that a judgment lien was filed in that amount within four months of the judgment; see §§ 52-328[1] and 52-380a[2] of the Connecticut General Statutes, so that at least a portion of the amount of the judgment relates back to and has the priority of the prejudgment remedy. The plaintiff now seeks to modify the prejudgment remedy, pursuant to § 52-278k of the General Statutes, to the amount of $45,000, so that the entire amount of the judgment will relate back to and have the priority of the prejudgment remedy
Neither side presented authority precisely on point in this jurisdiction; the precise issue doesn't seem to have been addressed. Both sides rely on the recent Connecticut Supreme Court case of Mac's Car City. Inc. v. DiLoreto, 238 Conn. 172
(July 23, 1996). The narrow holding of Mac's Car City was that CT Page 6172 the date of the "final judgment" for the purposes of triggering the four month period in which to file a judgment lien, if the lien is to relate back to the date of the prejudgment remedy, is the date of the entering of the judgment in the trial court, regardless of whether the judgment of the trial court is appealed from. In Mac's, the plaintiff did not file a judgment lien after the first trial, which was successfully appealed from by the defendant. The plaintiff did file a lien after the second trial, and asserted that the judgment lien had the priority of the prejudgment remedy which had been filed years before. The Supreme Court, in an opinion by Chief Justice Peters, held that because the lien was not filed within four months of the first judgment, from which an appeal was taken, the priority of the prejudgment remedy was lost. The judgment after the first trial, though not final in terms of time, was a "final judgment" for the purpose of triggering the need to file the judgment lien, if the judgment were to have the priority of the prejudgment remedy.
In discussing the practical effect of its ruling, the Supreme Court indicated that requiring a plaintiff to file a judgment lien within four months of the judgment of the trial court, regardless of whether that judgment was the subject of an appeal, had the advantage of providing some degree of certainty to the defendant and presumably other creditors of the defendant. Significantly for purposes of the case at bar, the court stated (at 181-82):
If the debtor pursues an appeal, execution of the judgment lien would presumably be stayed, unless the stay were expressly lifted. . . . If the debtor prevails on appeal, the stay would presumably extend until a new judgment, after a new trial, determines the final outcome of the dispute between the parties. If the creditor pursues an appeal, contesting the inadequacy of a trial court judgment in his favor, a judgment lien in the amount of the original judgment could presumably be rectified if the Appellate Court's judgment enhances the creditor's recovery. See General Statutes § 52-278k. (Footnotes omitted).
Section 52-278k provides for the modification or vacation of a prejudgment remedy "at any time." The Supreme Court rather clearly suggested that this section may be used to adjust the amount of a judgment lien if the amount of the judgment is changed after appellate proceedings and, perhaps, another trial. The necessary implication is that the lien would assume the priority of the first judgment lien; otherwise, reference to CT Page 6173 § 52-278k would be superfluous.
In Mac's Car City, the court reiterated the reasons behind the rules. Judgment liens that relate back to prejudgment remedies are necessary to protect creditors; requiring the filing of judgment liens within four months of the "final judgment" of the trial court provides a degree of certainty for debtors and other creditors. The fact that the judgment lien is subject, in some circumstances, to future modification was addressed by the court:
The plaintiff maintains that third parties who rely on the judgment lien in purchasing or accepting as security an encumbered property may be prejudiced by the filing of a judgment lien the amount of which may be subject to appellate modification. We disagree. We assume that any such third party relying on the attachment would be aware of these possibilities. In addition, the trial court's ability to modify a prejudgment attachment under the appropriate circumstances; see General Statutes § 52-278k; provides a remedy for the protection of such third party interests. Mac's Car City, supra, 182, n 10.
Thus, it seems, knowledge of the possibility that an attachment may be modified in the future in itself serves to protect the third party, at least to a degree. Apparently our Supreme Court envisioned a situation in which the prejudgment attachment may be analogized to a partially filled box: an intervening creditor may not know exactly how the box will be filled, but at least the creditor knows that the box is there and, most likely, the relative magnitude of the future contents.
As there expressly is no time limit in § 52-278k for the modification of prejudgment remedies,[3] and as the Supreme Court has indicated in only slightly different circumstances that any prejudice to third party creditors is tolerable, the modification of the prejudgment remedy to the amount of $45,000, approximately sufficient to secure the amount of the judgment and interest, is granted
Beach, J.